THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMONE MORGAN, Appellant. [952 NYS2d 556]—

Defendant's assault conviction was against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant asserts that she was justified in stabbing the complainant in the cheek because she reasonably believed this was necessary to defend herself against the complainant's use or imminent use of deadly force, i.e., she reasonably believed that the complainant, although unarmed, was about to seriously injure her (*see* Penal Law § 10.00 [11]). Under the particular

circumstances, we find that the People did not disprove this self-defense claim beyond a reasonable doubt.

The evidence at trial showed that the complainant attacked defendant, who is the mother of his children, by punching her in the face. He forced her up against a wall, and then repeatedly punched her in the head and neck area while she attempted to fight him off. Despite the attempt of two security guards to restrain the complainant, defendant could not get free until she removed a steak knife from her waistband area and stabbed the complainant in the cheek, which caused him to release her, at which time she fled. Although the complainant momentarily dropped to the ground, he rose immediately, pulled the blade from his face, and chased after defendant down 28 flights of stairs, still holding the knife, until he was eventually physically restrained in the building's lobby by security and police personnel.

The complainant's testimony described defendant as the initial aggressor, who wielded the knife and threatened him with it prior to the security guards' arrival. Even assuming the veracity of the complainant's version of the events, we note that he admitted that defendant had put the weapon away at the time he struck her. Furthermore, the security guards clearly and consistently testified that when they arrived, the complainant and defendant were separated by a significant distance and were only arguing, whereupon the complainant punched defendant, threw her up against the wall, and continued to assault her. The observations of the guards amply supported defendant's contentions that at the time in question the complainant was the aggressor, and that defendant had no opportunity to retreat.

Although the complainant only used his fists, defendant had reason to believe she was in danger of serious physical injury if she continued to allow him to beat her (see Matter of Y.K., 87 NY2d 430, 434 [1996]). The couple's history included multiple instances where the complainant had choked and beaten defendant, and she was well aware of his ability to inflict serious physical injury. Under these circumstances, it cannot be said that the People disproved the defense of justification beyond a reasonable doubt.

Defendant does not challenge the sufficiency or weight of the evidence supporting the weapon possession conviction. To the extent defendant's claims of trial error relate to that conviction, we find them to be without merit. Concur—Gonzalez, P.J., Moskowitz, Acosta, Freedman and Abdus-Salaam, JJ.